IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. WR-74,197-01 AND WR-74,197-02




EX PARTE TERRY LEE JOBE, Applicant




ON APPLICATION FOR WRITS OF HABEAS CORPUS
CAUSE NOS. 43912-01-C AND 43913-01-C IN THE 108TH JUDICIAL DISTRICT COURT
FROM POTTER COUNTY



           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to one charge
of aggravated sexual assault of a child, and two counts of indecency with a child in exchange for
eight years’ deferred adjudication community supervision. He later pleaded true to violating
conditions of his community supervision, and was adjudicated guilty and sentenced to ninety-nine
years’ imprisonment for the aggravated sexual assault and twenty years’ imprisonment for the
indecency counts, to run consecutively. The Seventh Court of Appeals affirmed his conviction. 
Jobe v. State, Nos. 07-08-0276-CR and 07-08-0176-CR (Tex. App. – Amarillo, February 26, 2009).
            Applicant contends, inter alia, that his counsel at adjudication rendered ineffective assistance
because counsel advised Applicant to decline an offer from the State of ten years’ imprisonment after
adjudication. Applicant alleges that counsel advised him to decline the offer because he could get
him put back on community supervision with some additional conditions. Instead, Applicant
pleaded “true” and received ninety-nine year and twenty year consecutive sentences from the
adjudicating court. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant’s adjudication counsel with the opportunity to respond to Applicant’s claim
of ineffective assistance of counsel. The trial court shall also provide the prosecutor with the
opportunity to response as to whether a plea offer was made at adjudication. The trial court may use
any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial
court may rely on its personal recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to whether the State extended an offer of ten
years’ imprisonment in exchange for Applicant’s plea of “true” to the allegations in the motion to
proceed to adjudicate. If the State did make such an offer, the trial court shall make findings as to
whether adjudication counsel advised Applicant to decline the offer, and if so, why. The trial court
shall make findings as to whether the court would have followed such a plea offer at adjudication
had the parties submitted an agreed recommendation on punishment. The trial court shall make
findings as to whether the performance of Applicant’s adjudication attorney was deficient and, if so,
whether counsel’s deficient performance prejudiced Applicant. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant’s claim for habeas corpus relief.
            These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing
or deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: September 8, 2010
Do not publish